UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREANA WINTER,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01194-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1) |

Plaintiff Andreana Winter is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initially filed this action, along with inmate Jonathan Kohut, on November 6, 2020. On August 6, 2021, the Court ordered that the action brought by Plaintiff Andreana Winter be severed and filed under a new case number.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

1

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

In July 2019, Plaintiff sought to submit a CDCR Form 1074 in order to correspond with inmate Kohut.  The form was submitted to CCI Gates (not named, possible Doe) to which no response was received.

In mid-November 2019, Plaintiff received a copy of an approved Form 1074 via institutional mail.  A couple days later, Plaintiff sent a letter to inmate Kohut as well as a copy of the completed form to advise him of the authorization.  The reverse side of the Form 1074 copy contained an advisement/request to Pleasant Valley State Prison mailroom officials so the document would be properly filed.  A couple of weeks later, Plaintiff received a response from inmate Kohut, and the

envelope bore the stamp "correspondence on file." Plaintiff sent Kohut a letter the following day. On December 30, 2019, Plaintiff received the letter back with a notice on the envelope that stated there was no Form 1074 on file. On January 2, 2020, Plaintiff meet with Defendant Gaona in an attempt to fix the problem. Plaintiff explained the situation to Gaona and provided copies of the approved Form 1074, which contained Gaona's signature. Gaona retained the documents and Plaintiff was rescheduled to be seen the following week.

On January 13, 2020, Plaintiff was summoned and informed by Defendant Gaona that the approval had not yet been entered in either Plaintiff or inmate Kohut's files. One copy of the Form 1074 was returned to Plaintiff, and Plaintiff was directed to return the following week.

Plaintiff made repeated attempts to write inmate Kohut throughout the period described following the Form 1074's approval. Plaintiff received mail from inmate Kohut, but Plaintiff's mail was returned from Pleasant Valley State Prison with a notation that there was no Form 1074 on file.

On January 27, 2020, Plaintiff was advised by Defendant Gaona that the Form 1074 was still not entered in either Plaintiff or inmate Kohut's files. Plaintiff presented more mail she had received from inmate Kohut which bore the stamp "correspondence on file." Defendant Gaona advised Plaintiff to submit another Form 1074. Gaona could have looked on the computer and resolved the whole issue. Instead, Gaona chose to give Plaintiff the runaround.

In early February 2020, Plaintiff filed a inmate appeal to the appeals coordinator. Plaintiff was subsequently interviewed by Defendant Ollison. Plaintiff presented documentation and Ollison advised Plaintiff that there was Form 1074 in either Plaintiff of Kohut's files. Plaintiff was later summoned for a follow-up interview and Ollison claimed that measures had been taken in the form of phone calls and e-mails and the issue was resolved.

On April 3, 2020, an outgoing letter addressed to inmate Kohut was "held up in the unit office at CCWF due to a nightwatch official's claim of there being no 1074 on file." Plaintiff filed another inmate appeal and was given assurance by an official that "it would not be recurring."

///
///
///

## III.

## DISCUSSION

### A. First Amendment-Mail Interference

Under the First Amendment, inmates have the right to send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, a prison may adopt regulations that impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005) (holding that an inmate's right to send and receive mail "is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security'"). The Turner standard applies to regulations and practices concerning all correspondence between prisoners. Thornburgh, 490 U.S. at 413.

When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" Witherow, 52 F.3d at 265 (quoting Thornburgh, 490 U.S. at 412). Courts afford greater protection to legal mail than non-legal mail. See Thornburgh, 490 U.S. at 413. A single mistake or occasional mishandling of mail, legal or nonlegal, does not state a claim under section 1983. Reynolds v. Potts, 8 F.3d 29 (9th Cir. 1993) (citations omitted). A claim for negligent mishandling or misdirection of mail is also not actionable under 1983. Rhinehart v. Gomez, 205 F.3d 1352 (9th Cir. 1999) (citing Daniels v. Williams, 474 U.S. 327, 330–32 (1986)). Moreover, a plaintiff must be able to show that she was injured; mere delay in receiving or sending mail does not state a cognizable claim. See Reynolds, 8 F.3d at 29; (citing Morgan v. Montanya, 516 F.2d 1367, 1371 (2d Cir. 1975)).  Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation, however. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Morgan v. Montanye, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance).

The handling of inmate mail is governed by the California Code of Regulations, title 15, §§ 3130–3147.  To correspond with one another, CDCR inmates must submit a form 1074, Request for

4

Correspondence Approval. Cal. Code Regs. tit. 15, § 3139. "When incoming or outgoing mail, packages, or publications addressed to or being sent by an inmate are withheld or disallowed, the inmate shall be informed via CDCR Form 1819 . . . , Notification of Disapproval-Mail/Packages/Publications, of the reason, disposition, name of official disallowing the mail/package/publication, and the name of the official to whom a grievance can be directed. Cal. Code Regs. tit. 15, § 3136(a).

Plaintiff contends that as a result of repeated unjust delays in the communication between Plaintiff and inmate Kohut, Plaintiff's First Amendment rights were violated. Plaintiff's conclusory allegations of isolated instances of interference with or delay of mail are insufficient to state a cognizable claim. Although allegations of delayed delivery for "an inordinate amount of time" have been held sufficient to state a claim for violation of the First Amendment, see e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996), the Ninth Circuit and other Courts of Appeal have found temporary and/or isolated instances of delay, like those alleged to have occurred in Plaintiff's complaint, do not offend any First Amendment principles. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (as amended); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Furnace v. Cope, No. 1:16-CV-00420-LJO-BAM PC, 2018 WL 2198716, at *7 (E.D. Cal. May 14, 2018) (recommending sua sponte dismissal of prisoner's outgoing mail claims pursuant to 28 U.S.C. § 1915A(b)(1), (2) and 28 U.S.C. § 1915(e)(2)(B)(ii)).

Furthermore, Plaintiff does not describe the specific actions by each of the several named Defendants. In addition, to the extent certain Defendants are named solely because of their supervisory role, a plaintiff may state a claim for against a supervisor based on the supervisor's knowledge of, and acquiescence in, unconstitutional conduct by his or her subordinates. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.2011). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' " Id. (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual

defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988).  A causal connection is established if a defendant sets in motion a series of acts by others or knowingly refuses to terminate a series of acts by others that the supervisor reasonably should have known would lead to a constitutional violation. Starr, 652 F.3d at 1207–08 (citing Dubner v. City & County of San Francisco, 266 F.3d 959, 968 (9th Cir.2001)). " 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.' " Starr, 652 F.3d at 1209 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir.1998)). Moreover, Defendants cannot be held liable simply because they were involved in the appeals process. There is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  To the extent Plaintiff seeks to hold Defendants liable as supervisors, she has failed to show any personal involvement in the alleged constitutional violation.

## IV.
## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a claim for a violation of his federal rights. Given Plaintiff's pro se status, the Court will grant Plaintiff one opportunity to amend the complaint if she believes she can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a prisoner civil rights complaint form;

   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **November 4, 2021**

UNITED STATES MAGISTRATE JUDGE